## McKEE v. NELSON.

No. 8682—Opinion Filed April 9, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 114.)

(Syllabus.)

**Boundaries—Establishment by County Surveyor—Sufficiency of Evidence.**

Record examined and held, that the finding of the trial court that the county surveyor substantially followed the laws of the United States, as by Rev. Laws 1910, § 1711, he is required to do in making the survey herein involved, is sufficiently supported by the evidence.

Error from District Court, Tulsa County; Conn Linn, Judge.

Proceeding by Stephen B. Nelson, guardian, against Cora B. McKee for the establishment of a boundary line. From a judgment affirming, on appeal, a survey made by county surveyor, Cora B. McKee brings error. Affirmed.

Nixon, Bassett & Nixon, for plaintiff in error.

J. R. League, for defendant in error.

KANE, J. This is an appeal from a judgment of the district court of Tulsa county, affirming on appeal a survey made by the county surveyor of said county, pursuant to section 1719, Rev. Laws 1910. It seems that there was a dispute between two adjoining landowners with reference to the location of the true boundary line of their lands, and one of such owners refusing to join in the application to the county surveyor to permanently establish such division line, the other party proceeded to have such boundary line established by the county surveyor. Not being satisfied with the result of said survey, the other party appealed to the district court, where the survey was affirmed.

Counsel for appellant in his brief summarizes his grounds for reversal into two contentions which may be briefly stated as follows: (1) The said surveyor in making said survey did not make same according to the laws of the United States, and did not make same according to the instructions of the officers in charge of the public land surveys of the United States. And whereas said section 7, Tp. 19, R. 11, is bounded by a meandered river, the said surveyor, in making said survey, did not make the subdivision lines running towards said meandered stream close upon and be intermediate and equidistant between the like lines established by the original survey. (2) The judgment and decision of the trial court are not sustained by the evidence in the case.

Section 1711, Rev. Laws 1910, provides:

"The resurvey and subdivision of lands by county surveyors shall be according to the laws of the United States, and the instructions issued by the officers thereof in charge of the public land surveys, in all respects; and in the sub-division of fractional sections, bounded on any side by a meandered lake or river, or the boundary of any reservation of irregular survey, the subdivision lines running toward and closing upon the same shall be run at courses in all points intermediate and equidistant, as near as may be, between the like section lines established by the original survey."

The evidence taken on appeal in the district court was directed principally toward

the manner of the survey for the purpose of showing that the county surveyor did not make the same in strict accordance with the laws of the United States. Upon this point the court found:

"His acts were substantially, if not an exact, compliance with both the state and federal statutes upon the subject. Counsel for Cora B. McKee cites this section of the United States statute, to wit: 'The boundary lines, actually run and marked in the surveys returned by the surveyor general, shall be established as the proper boundary lines of the sections, or subdivisions, for which they were intended, and the length of such lines, as returned, shall be held and considered as the true length thereof. And the boundary lines which have not been actually run and marked shall be ascertained by running straight lines from the established corners to the opposite corresponding corner; but in those portions of the fractional townships where no such corresponding corners have been or can be fixed, the boundary lines shall be ascertained by running from the established corners due north and south, or east and west lines, as the case may be, to the water course, Indian boundary line, or other external boundary of such fractional township.' Applying this statute to the present case, to my mind, means that since the north line of section 7 was altogether in the river, and in order to get the correct lines and corners of this section and establish quarter lines and corners or other smaller fractions of this section, a base line should first be established on the south between the southwest and southeast corners of this section, and from this base line run all lines north parallel with the east and west boundary of the section. This is what the surveyor did in fixing the dividing line between the southwest and southeast quarters, and I think in doing so was within the law."

We think this finding and conclusion are correct. Moreover, as there is no showing made that the survey made by the county surveyor is not correct, or that the appealing party was injured thereby, we do not believe that a cause of this kind should be reversed, even if it were shown that the county surveyor departed slightly from the statutory method of making such surveys. Section 1722, Rev. Laws 1910, provides:

"The court shall hear and determine said appeal and enter an order or judgment approving or rejecting said report, or modifying or amending the same, or may refer the same back to the surveyor to correct his survey and report in conformity with the decree of the court, or may, for good cause shown set aside the report and appoint one or more surveyors who shall proceed, at the time mentioned in the order of the court,

to survey and determine the corners and boundaries of the land in question, and shall report the same to the court for further action."

As the trial court found, and this court is convinced, that the survey made by the county surveyor is correct, sending the cause back for another survey would be a vain and futile act, resulting only in the accumulation of additional costs to the parties.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.